### CLARISSA D. WOODWARD *vs.* JONAH A. PHILLIPS.

A mortgagee in possession is entitled to be allowed, upon redemption, his necessary expenses for keeping the estate in repair; but not expenditures for convenience or ornament.

Upon a bill in equity to redeem land from a mortgage, if the mortgagee does not render a correct account, and the mortgagor makes no tender, neither party is entitled to costs.

SHAW, C. J.   Upon a bill in equity to redeem a mortgage, it being admitted that the plaintiff had a right to redeem, the case was referred to a master to state an account between the parties, and report the sum due, including a charge against the defendant for rents and profits, accrued after the entry of the mortgagee to foreclose, and a claim for an allowance for repairs and improvements.   On the report of the master no question arises respecting the amount of principal and interest due on the mortgage, or the amount of rents and profits to be credited. The question is solely on the allowance of disbursements for repairs and improvements.   Of the aggregate amount paid for repairs and improvements, the master reports a certain sum laid out on the estate for " ornament"; a certain other amount for " convenience ; " and a certain sum for repairs, necessary to keep the estate in such good condition as to prevent loss by waste and decay.*

---

* The material parts of the master's report were as follows: "I find that the expenditures, charged in the defendant's answer, are such as ordinary men would be likely to make upon such premises, if in funds.   I think that about $57.67 of these charges were made to ornament the premises; and about the sum of $106.24 was expended in the alteration of the buildings for mere convenience ; and for reasonable repairs and improvements $205.22 was expended, and I am satisfied that the said premises were increased in value that last sum."   " I am of the opinion that the defendant is entitled to recover of the plaintiff such sums as he may necessarily have expended in repairs upon the premises, sufficient to keep them in a good condition as they were at the time he took possession ; and that the defendant is bound in law to repair sufficiently to prevent waste or decay. And if the court shall concur with me in this view, then I find that the defendant has incurred the sum of $110.62, which was necessary for repairs, to keep the property in equally as good condition as when he received it ; and that the plaintiff is entitled to redeem the premises upon the payment of $124.52 to the defendant."

The law upon this subject seems to be well settled; but in the great variety of cases which occur, it is difficult to prescribe a rule, broad enough, and at the same time precise enough, to apply to all cases.    The relations of the parties are to be regarded.    The mortgagee, although he has entered for condition broken as a step towards making his remedy effectual, until foreclosure is not the owner of the property.    He holds it as a pledge only.    The object is to secure payment of his debt; in other respects he is in the relation of trustee for the owner.    He has no authority to make the estate better at the expense of the mortgagor.    The mortgagor, as owner, has a right to exercise his own judgment on the question, whether he will make his estate more valuable by an outlay of more money.

Still the mortgagee, whilst in possession, is bound to use reasonable means to preserve the estate from loss and injury.    Even the rule, said to have been adopted by the master, that he must preserve it in as good a condition as that in which he received it, is not strictly precise, though nearly so.    But supposing, at the moment of entry, doors are off, fences are down, and repairs are at the time necessary, the mortgagee may make reasonable repairs.    But even the term "reasonable" is not exactly precise.    A high degree of convenience and fitness, without which the estate would not answer its design, may make an expenditure reasonably necessary, though it was wanting at the time of entry.    Under the general rule, the reasonable fitness must be determined by the circumstances of each case, giving to the terms "necessary" and "convenient," as in case of highways, a construction more or less strict, according to the subject to which they apply.

In the present case, the court are of opinion that the expenditures for ornament, as stated in the report, must be rejected; also those for convenience; and the amount limited to $124.52 for necessary expenses, according to the report of the master.

The defendant not having rendered a correct and true account upon suit brought, by which the plaintiff could redeem, and the plaintiff having made no tender, neither party is entitled to recover costs against the other.

*B. Sanford*, for the defendant, cited *Adams* v. *Brown*, 7 Cush. 220 ; *Reed* v. *Reed*, 10 Pick. 400 ; *Boston Iron Co.* v. *King*, 2 Cush. 405 ; *Cazenove* v. *Cutler*, 4 Met. 251 ; *Dexter* v. *Arnold*, 2 Sumner, 125, 126 ; *Gordon* v. *Lewis*, 2 Sumner, 149 ; *Russel* v. *Smithies*, 1 Anst. 96 ; *Chambers* v. *Goodwin*, 9 Ves. 265, 266 · *Wragg* v. *Denham*, 2 Y. & Col. Exch. 117.

*E. H. Bennett*, for the plaintiff.